129 So.2d 686

**Henry Mark CRANMORE**

v.

**STATE.**

I Div. 832.

Court of Appeals of Alabama.

Dec. 13, 1960.

Rehearing Denied Jan. 10, 1961.

B. F. Stokes, III, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal by Cranmore from his conviction on an indictment charging him with second-degree burglary for breaking and entering the Clarke County High School building in Grove Hill. The trial court sentenced him to three years in the penitentiary.

The tendencies of the State's evidence were that on the night of February 16–17, 1960, someone forced open the window of the school principal's office. The principal described the scene as he found it the next morning:

"* * * Two windows in the library were open and the door into the hall from the library; the windows to the office which were locked, one was prized open, the screen torn loose and the window prized open, and tracks in the chair by my desk, and they had gone into the closet and opened it up.

"Q. Was anything missing from your office? A. The only thing we could detect was a little stamp box, four or five three-cent stamps, and fifteen cents.

"Q. Have you seen that piece of wood there before? A. That is the sill from the window that was prized open."

Mr. Nelson Grubbs, a State toxicologist stationed in Mobile, testified that the paint samples from the piece of wood taken from the window sill were identical with samples of paint found on a tire tool. Grubbs had made his comparison with a spectograph.

Sheriff Locke of the abutting county of Washington identified the tire tool as coming from a set of tools surrendered to him by one of Cranmore's confederates, George McIlwain. On cross-examination Cranmore testified:

"Q. This particular night you all had those tools with you, didn't you? A. We had this particular tool here. I don't know about this one.

"Q. You told Sheriff Locke and myself before we recovered the tools there were two long tools? A. Yes, sir, I said a long screw driver and a long tool that looked like a tire tool.

"Q. You admit this was in the car the night you all left Mobile? A. Yes, sir.

"Q. The three of you were together when you left Mobile? A. Yes, sir."

Frank R. Cheatom, a second confederate, plead guilty and turned State's evidence. His testimony was that McIlwain broke and entered the principal's office and that Cranmore drove the car.

While Cranmore, McIlwain and Cheatom were in the Washington County jail "on or about February 17, 1960," Walter Barnes overheard an inculpatory conversation between Cranmore and Cheatom. Barnes's testimony, in part, was:

"Q. Tell the court what you heard. A. The only thin*k* I heard was one asked the other did he tell anything about the Grove Hill job and he said no. He said, 'Just be yourself.'

"Q. You heard that while you were in jail? A. Yes, sir.

"Q. And Mr. Locke brought you downstairs a few minutes later? A. That's right.

"Q. Had he instructed you previous to listen? A. Yes, sir.

\*   \*   \*   \*   \*   \*

"Q. Was Cranmore upstairs, or Cheatom? A. Cheatom.

"Q. Cranmore never did go upstairs, did he? A. Yes, sir, he went up there first.

"Q. While you were there? A. Yes, sir.

"Q. You say somebody yelled downstairs and this man said, 'Don't say anything.'? A. I didn't say he said that.

"Q. What did he say? A. Cheatom called down to Cranmore and asked did he say anything about the Grove Hill job, and he told him no.

"Q. You said the one upstairs. What are you talking about, the one upstairs said no? A. No, I didn't say that. The one downstairs said no."

The circumstantial evidence of the paint from the tire tool together with Barnes's evidence suffices to corroborate Cheatom's testimony.

We have carefully considered the entire record in accordance with Code 1940, T. 15, § 389, and consider the judgment below should be

Affirmed.